[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12429
Non-Argument Calendar

_____

Agency No. A78-863-166

BI LIAN LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 4, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Bi Lian Liu, a native and citizen of China. She entered the United States in May 2002 without valid documentation. In answering questions put to her by the immigration officials, she stated that she left China because she had been persecuted on account of her political opinion and membership in a particular social group.

In February 2003, Liu applied for asylum, withholding of removal under the Immigration and Nationality Act (INA), and relief under the U. N. Convention Against Torture (CAT). In her application, she amplified the details of the persecution claim she had revealed to the immigration officials on entering the United States, in May 2002. She provided the details of her alleged persecution for a third time at the hearing on her asylum application before an Immigration Judge (IJ). At that hearing, Liu admitted that neither she nor her parents belonged to any group or organization in China, but claimed that she had been persecuted by the government. She explained the persecution this way. A man, she later learned was a police officer, entered her parents' restaurant as she was about to close it and said he wanted to marry her. She refused, so he raped her. She called her parents, then the police. The police took her statement, but did not pursue the matter. When she inquired, the police told her that the man was a police officer and accused her of filing a false report. She testified that the man frequently came to her parents'

restaurant thereafter; he would touch her and tell everyone present that he had raped her.

At the close of her testimony, the IJ found Liu's statement lacking in credibility. In his oral dispositive opinion denying Liu's application in full, the IJ cited several inconsistencies between Liu's hearing testimony and the statements she made in her asylum application and to the immigration officials on entry into the United States. Then, putting aside the issue of Liu's credibility, the IJ found that the actions taken against her were not based on her race, religion, sex, political opinion or membership in a social group, or that the local Chinese government assented to such actions. The IJ therefore denied her application for asylum, withholding of removal, and CAT relief.

Liu appealed the IJ's decision to the Board of Immigration Appeals (BIA). The BIA affirmed, adopting the IJ's decision as its own.[1] Liu now petitions this court for review.

Contrary to the IJ's finding, Liu contends that her testimony was honest, truthful, credible and consistent. She argues that the IJ did not consider the conditions in China and the manner in which she will be punished if forced to

---

[1] The BIA rejected the IJ's finding that Liu's application for asylum was frivolous. The IJ's finding, and the BIA's rejection thereof, is irrelevant in this appeal.

3

return. She claims that she is entitled to relief under the CAT because the Chinese government treats returnees harshly.

Findings of fact are reviewed under the "substantial evidence test," and we will affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Likewise, determinations of credibility are also reviewed under the substantial evidence test. Id. Under the highly deferential substantial evidence test, we "consider only whether there is substantial evidence for the findings made by the BIA, not whether there is substantial evidence for some other finding that could have been . . . made." Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004). We "cannot find, or consider, facts not raised in the administrative forum, nor can we reweigh the evidence from scratch." Id. at 1027. In circumstances, such as this, where the BIA adopts the decision of the IJ, we review the decision of the IJ to the extent that the BIA expressly adopts the decision of the IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Since the Board adopted the decision by the IJ to deny Liu the relief she requested, we review the IJ's analysis as if it were the Board's and determine whether it is supported by substantial evidence. See id.

The burden of proof is on an alien to establish that she is entitled to asylum. Id. (citing 8 C.F.R § 208.13(a) (2001)). An alien is statutorily eligible for asylum

if she is a refugee, a term defined as an individual unwilling to return to, and is unable or unwilling to avail herself of the protection of, the country of her nationality because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Id. (citing INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A); INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A)). Where the applicant does not supply supporting documentation, an explicit adverse credibility determination is alone sufficient to support the denial of an asylum application. Forgue, 401 F.3d at 1287; Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

The IJ made an adverse credibility determination and specified several incidences in which Liu's testimony contradicted her asylum application and statements she made to immigration officials upon entry. Liu did not provide any supporting documentation to bolster her case. On this alone the IJ could have denied relief, but he made the further finding that even if Liu was truthful, she did not provide any proof that she fit the definition of a refugee. The record supports both findings by the IJ. Thus, we conclude that substantial evidence supports the IJ's conclusion that Liu did not provide credible testimony that proves she was persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion and affirm the decision by the IJ and the BIA to deny her application for asylum.

An alien is only eligible for withholding of removal to a country if she can demonstrate that it is "more likely than not" she will be persecuted or tortured upon being returned to her country, on account of her race, religion, nationality, membership in a particular social group, or political opinion. Alim v. Gonzales, 446 F.3d 1239, 1255 (11th Cir. 2006). The standard for withholding of removal is "more stringent" than the standard for asylum. Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). Since Liu failed to prove that she is entitled to asylum, she could not have proven that she met the more stringent standard for withholding of removal.

Liu also alleges that she is entitled to protection under the CAT. In order to invoke the protection of the CAT, "an applicant must show that it is more likely than not that she will be tortured in her home country at the hands of her government or that her government will acquiesce in the torture." Sanchez v. U.S. Attorney Gen., 392 F.3d 434, 438 (11th Cir. 2004). When presented with a petition for review of the denial of CAT relief, we uphold the factual determination if it is supported by substantial evidence in the record. Al Najjar, 257 F.3d at 1283-84. The IJ found that even if Liu's assaulter was a police officer, he acted not on behalf of the government or under the acquiescence of government officials. This view is buttressed by substantial evidence indicating that the attack was personally motivated.

In her brief to us, Liu argues that the IJ and BIA did not consider the country conditions in China regarding the treatment of returned refugees. We may not consider this issue, however, since it was not presented to the administrative agency. 8 U.S.C. § 1252(b)(4)(A). Since Liu did not present a report of the country conditions to the IJ or the BIA and the administrative decision to deny protection under the CAT is supported by substantial evidence in the record, we affirm the BIA.

PETITION FOR REVIEW DENIED.